IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        ORDER

        v.                              09-CR-160-LSA-2

LOUIS BELISLE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Louis Belisle's supervised release was held on August 5, 2013, before U.S. District Judge Lynn Adelman. The government appeared by U.S. Attorney John Vaudreuil. Defendant was present in person and by counsel, David Mandell. Also present was Senior U. S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 12, 2010, following his conviction for distribution of cocaine base in violation of 21 U.S.C. § 841. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 4-year term of supervised release to follow.

On June 14, 2011, defendant began his term of supervised. On March 19, 2013, his term of supervision was revoked and he was sentenced to six months' imprisonment followed by two years' supervised release for failing to submit monthly reports, failing to notify the probation office of any changes in employment and residence, and failure to comply with drug testing. On June 14, 2013, he began his second term of supervised release.

Defendant violated the mandatory condition requiring him not to commit another federal, state or local crime when on June 27, 2013, he was arrested and charged with obstructing justice by the St. Croix Tribal Police in Webster, Wisconsin. He violated Standard Condition No. 11 requiring him to notify the probation officer within 72 hours of being arrested by a police officer when he failed to notify the probation office of this arrest.

Defendant violated the Special Condition requiring him to abstain from the use of alcohol and illegal drugs. On July 4, 2013, he submitted a urine sample which tested positive for opiates.

Defendant violated the Special Condition requiring him to spend up to 180 days in a residential reentry center when on July 12, 2013, he failed to return to the Fahrman Center after he was given permission to attend his cousin's funeral in Webster, Wisconsin, and his whereabouts became unknown.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the two-year term of supervised release imposed on defendant on March 19, 2013, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

On consideration of the guidelines and the factors under 18 U.S.C. § 3553(a), the court finds a sentence of 7 months sufficient but not greater than necessary to satisfy the purposes of sentencing.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 19, 2013, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 7 months with an 11-month term of supervised release to follow. As a special condition of supervision, the defendant shall spend up to 180 days in a residential renentry center for substance abuse treatment, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 5th day of August 2013.

BY THE COURT:

s/ Lynn Adelman
_____
Lynn Adelman
U.S. District Judge